## HOPKINS v. DELANEY et al.

The recorder of the city of San Francisco is authorized by law to take acknowledgments of mortgages and conveyances.

Where the officer taking an acknowledgment certifies that the parties " were known to him," and omits the word "personally," it is valid.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This was a bill brought for the foreclosure of various mortgages, on the homestead of the defendants, Delaney and wife.

The decree in the Court below, in favor of plaintiff and the other incumbrancers, from which this appeal is taken, by Delaney and wife, was based upon mortgages that were respectively acknowledged in the following manner, and before the various officers certifying to them :

STATE OF CALIFORNIA, } *ss.*
    County of San Francisco.

On the eighteenth day of December, 1854, before me, R. H. Waller, recorder of the city of San Francisco, personally came Matthew Delaney, and Mary, his wife, known to me to be the persons described in, and who executed the within mortgage, and severally acknowledged that they executed the same freely, and voluntarily, for the uses and purposes therein mentioned. And the said Mary, on a private examination by me, after being made acquainted with the contents, out of the presence of her husband, and out of his hearing, acknowledged that she executed the same freely, and without compulsion, fear, or undue influence from her husband, and that she did not wish to retract the execution of the same.

Given under my hand, at the city of San Francisco, the day and year aforesaid.

                    R. H. WALLER, City Recorder.

STATE OF CALIFORNIA, } *ss.*
    County of San Francisco.

On this seventh day of April, 1853, before me, came Matthew Delaney, and Mary, his wife, to me known to be the individuals described in, and who executed the within instrument, and acknowledged that they executed the same of their own free act and deed, and for the purposes therein mentioned. And the said Mary, after being informed of the contents, on a private examination by me, separate and apart from, and out of the hearing of her said husband, acknowledged that she executed the same freely, and without fear or compulsion of or from her husband, or other undue influence from him, and that she did not wish to retract the execution thereof.

In witness whereof, I have hereunto set my hand and seal, the day and year just above mentioned.

    [L. S.]              H. L. DODGE, Notary Public.

STATE OF CALIFORNIA, } *ss.*
    County of San Francisco.

On this ninth day of January, 1855, before me, G. J. Hubert Sanders, a notary public in and for said county, duly commissioned and sworn, dwelling in the city of San Francisco, personally appeared Matthew Delaney, and Mary, his wife, known to me to be the individuals described in, and who executed the an-

nexed instrument, and acknowledged that they executed the same freely and voluntarily, for the uses and purposes therein mentioned. And the said Mary Delaney, having been first by me made acquainted with the contents of said instrument, acknowledged to me, on examination had separate and apart from, and without the hearing of, her husband, that she executed the same freely, and without fear or compulsion, or influence of her husband, and that she did not wish to retract the execution of the same.

Witess my hand and official seal.

[L. S.]　　　　　　G. J. HUBERT SANDERS, Notary Public.

*Judah* for Appellants.

*Waller & Osborne, and S. M. Bowman,* for Respondent.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The plaintiff filed his bill to foreclose two mortgages. The defendants set up a claim of homestead.

The only questions raised by the record are : First, whether the recorder of San Francisco was authorized by law to take acknowledgments of conveyances, which authority is expressly given by statute; and, Second, whether the acknowledgment is sufficient. The officer certifies that the parties *were known* to him ; the appellant contends that the word "personally" should have been used. We have before decided that such a certificate was sufficient. The points on which the appellant relies are frivolous, and the appeal was evidently taken for delay.

Judgment affirmed, with ten per cent. damages.